# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  Case No. 3:11-cr-007-MMH-JBT

DAVID WESLEY ISAAC

_____/

## ORDER

Defendant David Wesley Isaac moves for early termination of supervised release. (Doc. 42, Motion.) In 2011, Isaac pleaded guilty to one count of possession of child pornography, for which the Court sentenced him to a term of 16 months in prison followed by 14 years of supervised release. (See Doc. 11, Plea Agreement; Doc. 21, Judgment.) In crafting the sentence, the Court imposed a term of imprisonment that was more than 50% below the guidelines range[1] but designed the term of supervised release to last until Isaac's son (then three years old) reached the age of majority. Indeed, the Court specifically noted that the sentence was sufficient despite the downward variance in part because the Court was imposing a lengthy term of supervised release as a component of the sentence. Isaac did not object to his sentence or appeal it.

---

[1] Isaac's advisory guidelines range was 37–46 months' imprisonment. (Doc. 48, Response at 2 n.1.)

Isaac now moves for early termination of supervised release, although his son is still several years away from reaching the age of majority. Isaac argues that his offense was non-violent, he accepted responsibility and cooperated with authorities, he possessed only a few illegal images, and he otherwise has no criminal history. Motion at 3. He states that he "is over ten years removed from his criminal conduct," has been employed full-time since being released from prison, "resides with and cares for his widowed mother," and "has faithfully provided for his teen-aged son with whom he has a close relationship." Id. at 3–4. He also states that he "completed sex offender treatment over three years ago, has not had any treatment issues or failed polygraphs for at least four years, and has not had any supervision compliance issues for over seven years." Id. at 4. Isaac contends that he presents a low risk of reoffending and requires no further supervision. See id. at 5–8. To support that contention, he submits a 2019 "Risk Assessment" from a licensed mental health counselor. (Doc. 42-1.) The counselor concluded that he would not object to Isaac having unsupervised contact with his son if the child's mother did not object. Id. at 11.

The government opposes early termination of supervised release. See Response (Doc. 48). The government argues that Isaac showed a sexual interest in boys between the ages of 13/14 and 17, which is the age range his son is now within, and that F.S.—Isaac's ex-wife and the mother of Isaac's son—strongly opposes early termination of supervised release. F.S. fears that Isaac would use

the fact of early termination to apply for unsupervised contact with the minor son in divorce court. The government notes that Isaac violated the conditions of supervised release in January 2013 by entering a residence he knew was the home of a minor child, resulting in a written reprimand, and again violated the conditions of supervised release in July and August 2013 by having "sustained direct contact" with a 14-year-old boy and a 13-year-old girl at a residence in Jacksonville, Florida. Id. at 3–4. The latter resulted in the revocation of supervised release and a three-month term of imprisonment, followed by a 154-month term of supervised release. (Doc. 39, Judgment of Revocation.) The government points out that the Court crafted Isaac's term of supervised release so it would last until Isaac's son had reached the age of 18, which has not yet occurred. Id. at 10. The government also notes that, according to the Risk Assessment, Isaac "evidences a relatively moderate liklihood [sic] of future sexual misconduct in comparison to other sex offenders," id. at 8 (citing Risk Assessment [Doc. 42-1] at 9), and that in connection with the offense conduct, Isaac engaged in online conversations where he offered to masturbate an online user's penis and asked for videos of children having sex, id. at 1–2 (citing Presentence Investigation Report ¶¶ 11, 13.)[2]

---

[2] The Probation Office originally did not oppose Isaac's request for early termination of supervised release (Doc. 46), but later changed its position (Doc. 47).

Under 18 U.S.C. § 3583(e), the Court "<u>may</u>, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)"—

> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1) (emphasis added). A district court's ruling on a motion for early termination of supervised release is reviewed for an abuse of discretion. <u>See</u> <u>United States v. Cordero</u>, 7 F.4th 1058, 1071 (11th Cir. 2021).

After considering Isaac's Motion and exhibits, the government's response, Isaac's reply (Doc. 53)[3], the Probation Office's memoranda, and the factors in §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), the Court will deny the Motion. The Court imposed a 14-year term of supervised release—and later reimposed a 154-month term of supervised release—so that Isaac would remain under supervision until his son was 18 years old, given Isaac's sexual interest in teenaged boys. The Court's concerns about protecting

---

[3] In the Reply, Isaac collaterally attacks the legality of the special conditions of supervised release. Isaac never appealed the Judgment, and a motion for early termination of supervised release is not a vehicle to contest the validity of a punishment imposed at sentencing. <u>United States v. Peters</u>, 856 F. App'x 230, 237 (11th Cir. 2021); <u>see also</u> <u>Cordero</u>, 7 F.4th at 1070 ("§ 3583(e)(2) is not a vehicle to collaterally attack the legality of a defendant's sentence…. Arguments concerning the legality or constitutionality of a defendant's sentence are reserved properly for direct appeal or a 28 U.S.C. § 2255 motion to vacate sentence.")

Isaac's son (and his peers) are as relevant today as ever, given that Isaac's son is a teenager who is not yet 18. Moreover, the Court sentenced Isaac to only 16 months in prison, a significantly below guidelines sentence, because it contemplated that he would have to complete the lengthy 14-year term of supervised release. The Court also notes that, along with the 2013 violations of the conditions of supervised release, in August 2022 Isaac failed to report an encounter with law enforcement to his probation officer. (See Doc. 55, Probation Report.) Although this was a minor infraction for which the Court took no action, combined with the more serious 2013 violations, it is consistent with the Court's conclusion that early termination of supervised release is unwarranted.

Isaac contends he is entitled to the appointment of counsel and a hearing on his Motion, Motion at 3, but he is mistaken. "Before modifying the conditions of probation or supervised release, the court must hold a hearing, at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation." Fed. R. Crim. P. 32.1(c)(1) (emphasis added). Here, the Court is not modifying the conditions of supervised release, so Isaac is not entitled to a hearing or the appointment of counsel.

Therefore, having considered each of the parties' arguments and exhibits, it is **ORDERED:**

Isaac's son (and his peers) are as relevant today as ever, given that Isaac's son is a teenager who is not yet 18. Moreover, the Court sentenced Isaac to only 16 months in prison, a significantly below guidelines sentence, because it contemplated that he would have to complete the lengthy 14-year term of supervised release. The Court also notes that, along with the 2013 violations of the conditions of supervised release, in August 2022 Isaac failed to report an encounter with law enforcement to his probation officer. (See Doc. 55, Probation Report.) Although this was a minor infraction for which the Court took no action, combined with the more serious 2013 violations, it is consistent with the Court's conclusion that early termination of supervised release is unwarranted.

Isaac contends he is entitled to the appointment of counsel and a hearing on his Motion, Motion at 3, but he is mistaken. "Before modifying the conditions of probation or supervised release, the court must hold a hearing, at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation." Fed. R. Crim. P. 32.1(c)(1) (emphasis added). Here, the Court is not modifying the conditions of supervised release, so Isaac is not entitled to a hearing or the appointment of counsel.

Therefore, having considered each of the parties' arguments and exhibits, it is **ORDERED:**

1. Defendant David Wesley Isaac's Motion for Early Termination of Supervised Release (Doc. 42) is **DENIED**.

2. Isaac's Motion for Ruling (Doc. 54) is **DENIED AS MOOT**.

**DONE AND ORDERED** at Jacksonville, Florida this 20th day of October, 2022.

_____
MARCIA MORALES HOWARD
United States District Judge

lc 19
Copies:
Pro se defendant
Counsel of record
U.S. Probation Office